# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANEILL CLARK and <br> JASON CLARK, <br>     Plaintiffs, <br> vs. <br> BUSKE LINES, INC., <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) )   Case number 4:05cv2186 TCM |

## MEMORANDUM AND ORDER

Pending in this diversity action is the unopposed motion of plaintiffs, Daneill Clark and Jason Clark, to remand their action to the state court from which it was removed.[1] [Doc. 5]

## Background

Plaintiffs, Missouri residents, allege in their two-count complaint that Daneill Clark was driving a motor vehicle on an interstate highway in St. Charles County, Missouri, on December 7, 2004, when her vehicle was struck in the rear by a vehicle driven by an agent and employee of defendant, Buske Lines, Inc ("Buske"), an Illinois corporation. (Compl. Ct. I, ¶¶ 4, 7.) This impact caused Daneill Clark's vehicle to "spin out of control and strike a concrete median, causing serious and progressive injuries and damages." (Id. ¶ 7.) Plaintiff Jason Clark alleges that the injuries to his wife, Daneill Clark, caused him to suffer a loss of

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

consortium. (Id. Ct. II, ¶ 3.) Each count concludes with a prayer for damages in excess of $25,000.00.

Defendant, Buske Lines, Inc., was served on September 23, 2005, and shortly thereafter served a Request for Admissions on Plaintiffs. (Def. Ex. B.) One request asked that Plaintiffs admit that they were not demanding in excess of $75,000.00 to "resolve this claim." (Id. ¶ 1.) Another request asked that they admit that they will not ask at trial for judgment in excess of $75,000.00. (Id. ¶ 2.) Requests three and four included similar admissions. (Id. ¶¶ 3, 4.) Citing insufficient information, Plaintiffs were unable to admit or deny any requests focusing on the amount of damages they were then or would be seeking.

Buske removed the case to federal court, citing Plaintiffs's responses to its request for admissions, alleging that the sum in controversy exceeds $75,000.00, and, consequently, arguing that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) (granting original jurisdiction to district courts in cases in which, inter alia, parties are of different states and the amount in controversy exceeds sum of $75,000) and 28 U.S.C. § 1441(b) (permitting removal of cases from state courts that could have been originally filed in district courts).

In their timely-filed motion to remand, Plaintiffs state that they have disclosed in their amended responses to Buske's request for admissions that Daneill's medical specials total $8,297.70 and that they are not now demanding in excess of $75,000.00 to resolve their claims. (Pls. Ex. A-1 at ¶¶ 1-4.) "However, circumstances may change and further treatment may be needed in the future, which may affect the amount [Plaintiffs] are claiming." (Id.)

**Discussion**

It is well established that "[t]he burden of establishing that federal jurisdiction exists 'rests upon the part asserting jurisdiction.'" **Midland Psychiatric Assoc., Inc. v. United States**, 145 F.3d 1000, 1003 (8th Cir. 1998) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)) (alteration added). Thus, if federal jurisdiction is invoked pursuant to the removal statute, 28 U.S.C. § 1441, any doubts about the propriety of that removal are to be resolved in favor of remand. **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Business Men's Assurance Co. of America**, 992 F.2d 181, 183 (8th Cir.1993) (per curiam). If the amount in controversy is question, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." **James Neff Kramper Family Farm P'ship v. IBP, Inc.**, 393 F.3d 828, 831 (8th Cir. 2005) (interim quotations omitted). "This rule applies even in a removed case where the party invoking jurisdiction is the defendant." **Id.** Accord **Hartridge v. Aetna Cas. & Surety Co.**, 415 F.2d 809, 814 (8th Cir. 1969).

"Where, as here, the complaint alleges no specific amount of damages . . ., the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." **In re: Minnesota Mut. Life Ins. Co.**, 346 F.3d 830, 834 (8th Cir. 2003) (alterations added). This standard requires that the case be remanded "'if it appears to a legal certainty that the value of the claim is actually less than the required amount.'" **Id.** (quoting Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000)).[2] See also **Gramc v.**

---

[2] The Eleventh Circuit Court of Appeals has defined the "preponderance of the evidence" and "legal certainty" questions as different standards. **Burns v. Windsor Ins. Co.**, 31 F.3d 1092, 1095-

**Millar Elevator Co./Schindler Enters.**, 3 F. Supp.2d 1082, 1083-84 (E.D. Mo. 1998) (strictly construing the amount in controversy requirement "as its underlying purpose is to limit the federal courts' diversity caseload").

When evaluating the amount in controversy, "[i]t is the situation at the time of removal which is determinative." **Hartridge**, 415 F.2d at 814 (alteration added). Accord **Smith v. American States Preferred Ins. Co.**, 249 F.3d 812, 813 (8th Cir. 2001); **Dyrda v. Wal-Mart Stores, Inc.**, 41 F. Supp.2d 943, 946 (D. Minn. 1999). "The separate and distinct claims of two or more plaintiffs cannot be aggregated [for jurisdictional purposes] except in cases where the plaintiffs '"unite to enforce a single title or right in which they have a common and undivided interest."' **Crawford v. F. Hoffman-La Roche Ltd.**, 267 F.3d 760, 765 (8th Cir. 2001) (quoting Snyder v. Harris, 394 U.S. 332, 335 (1969)) (alteration added). If, on the other hand, "two or more plaintiffs having separate and distinct demands, unite for convenience and economy in a single suit" the demand of each must satisfy the requisite jurisdictional amount. **Zahn v. International Paper Co.**, 414 U.S. 291, 2943 (1973). "Thus, personal injury and loss of consortium claims under Missouri law are not 'common and undivided,' as required for the aggregation of claims under Zahn, [414 U.S. at 294.]"

---

96 n.6 (11th Cir. 1994). See also **Hill v. Ford Motor Co.**, 324 F.Supp.2d 1028, 1036 n.11 (E.D. Mo. 2004) (defining the "preponderance of the evidence" standard as requiring "a defendant to demonstrate by sufficient proof that plaintiffs' verdict reasonably may exceed the jurisdictional amount" and the "legal certainty" standard as requiring a defendant "to demonstrate that it is more than a likelihood that the plaintiff will recover more than the jurisdictional amount") (interim quotations omitted). In **Minnesota Mut. Life Ins. Co.**, 346 F.3d at 834, a removal case, and **Trimble**, 232 F.3d at 959, however, the Eighth Circuit referred to a "legal certainty" when determining whether the jurisdictional amount was established by a "preponderance of the evidence." "Both standards require some specific facts or evidence demonstrating that the jurisdictional amount has been met[.]" **Hill**, 324 F.Supp.2d at 1036 (alteration added).

**Rodery v. Hardee's Food Sys., Inc.**, 995 F.Supp. 999, 1000 (E.D. Mo. 1998) (alteration added).  Accord **McClure v. Raymond Corp.**, 174 F. Supp.2d 982, 985 (E.D. Mo. 2001).

Consequently, in resolving the motion to remand, the Court must separately evaluate the amount in controversy as to Daneill Clark's personal injury claims and as to Jason Clark's loss of consortium claim.

As of December 6, 2005, Daneill Clark had incurred medical bills in the amount of $8,297.70.[3]  She alleges in her complaint that she lost wages as a result of her injuries, but does not allege a specific amount.  In **Rodery**, 995 F.Supp. at 1001, the district court remanded to state court a personal injury/loss of consortium action in which the personal injury plaintiff had incurred medical bills and lost wages in the amount of $8,463.96.  Given the burden on the removing party to establish the jurisdictional amount and Buske's reliance only on Plaintiffs' initial responses to its request for admissions, the Court finds that Buske has failed to establish by a preponderance of the evidence that the amount in controversy as to Daneill Clark's claim exceeds the jurisdictional amount.  See **Felton v. Greyhound Lines, Inc.**, 324 F.3d 771, 774 (5th Cir. 2003) (remanding case filed by woman who alleged defendant's negligence caused her to fracture her right hip; there was no indication of when plaintiff had incurred the $40,000 in medical expenses about which plaintiff's counsel had informed defendant's counsel after suit was commenced); **Gramc**, 3 F.Supp. 2d at 1083-84 (resolving doubts about removal in favor of state court jurisdiction and remanding to state

---

[3] Although the amount of controversy is to be determined at the time of removal, her medical bills were clearly not greater than this when the case was removed.

court case in which plaintiff had incurred approximately $7,5000 in medical bills and had not specified amount of lost wages).

Moreover, Jason Clark's loss of consortium claim also fails to satisfy the requisite jurisdictional amount for diversity jurisdiction. Again, Daneill Clark's medical bills to date are slightly in excess of $8,000.00. There is no specific allegation as to her lost wages. See **Rodery**, 995 F.Supp. at 1001 (finding that defendant had failed to show by legal certainty that loss of consortium claim arising from personal injuries to wife who incurred $8,463.96 in medical bills and lost wages satisfied jurisdictional amount).

### **Conclusion**

The combination of the burden being on Buske to show that the amount in controversy exceeds the jurisdictional prerequisite of § 1332(a) and the requirement that any doubts about the propriety of the removal of a state court action to federal court be resolved in favor of remand militates in favor of remand. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**. [Doc. 5]

**IT IS FURTHER ORDERED** that the Clerk of Court is to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit of the State of Missouri.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of January, 2006.